UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **SANFORD DAVID SMITH** | **DOCKET NO.** _____ |
| **VERSUS** | **JUDGE** _____ |
| **WAL-MART LOUISIANA, LLC AND WAL-MART, INC.** | **MAGISTRATE JUDGE** _____ |

**NOTICE OF REMOVAL AND JURY DEMAND**

NOW INTO COURT, through undersigned counsel, come WAL-MART LOUISIANA, LLC, a Delaware limited liability company, and WAL-MART, INC., a Delaware corporation, defendants in the above entitled cause, and appearing solely for the purpose of presenting this Notice of Removal of the above entitled cause to this Honorable Court under the provisions of 28 U.S.C. § 1441, *et seq.*, and reserving all rights, respectfully show as follows:

1.

This suit was filed by plaintiff, SANFORD DAVID SMITH ("plaintiff"), in the First Judicial District Court, Caddo Parish, Louisiana, on the 1st day of April, 2022. Defendants were served in the case on April 14, 2022. An Answer was filed on behalf of defendants in the state court proceeding on April 22, 2022.

2.

Both defendants join in this Notice of Removal and Jury Demand.

3.

Defendants allege that plaintiff is a resident, citizen, and domiciliary of the State of Louisiana.

4.

This action is of a civil nature at law. At the time plaintiffs' Petition was filed, defendant Wal-Mart Louisiana, LLC was and is now a Delaware limited liability company. The sole member of Wal-Mart Louisiana, LLC is Wal-Mart Stores East, LP, a Delaware limited partnership. The general partner of Wal-Mart Stores East, LP is WSE Management, LLC, a Delaware limited liability company. The limited partner of Wal-Mart Stores East, LP is WSE Investment, LLC, a Delaware limited liability company. The sole member of both WSE Management, LLC and WSE Investment LLC is Wal-Mart Stores East, LLC. The sole member of Wal-Mart Stores East, LLC is Wal-Mart Stores, Inc., a Delaware corporation with its principal place of business located in the State of Arkansas.

5.

Wal-Mart, Inc. is a Delaware corporation with its principal place of business in the State of Arkansas.

6.

All defendants are diverse from plaintiff.

7.

Plaintiff also named "Adams Manufacturing" as a defendant in this lawsuit, but no such entity in Louisiana exists, according to the Louisiana Secretary of State, and as explained in the Affidavit attached hereto as Exhibit A.[1]

8.

"Adams Manufacturing" has not been served with this lawsuit and has filed no appearance in this case and thus, its consent to remove this case is not required, as a defendant who has not yet been served with process at the time the removal petition was filed is not required to consent or join in the removal. *Riggs v. Champion Truck Lines, L.L.C.*, 2018 WL 1660859, *1-2 (W.D. La. 2018).

9.

In his petition, plaintiff alleges that he was injured when he fell after a chair he was sitting in broke and collapsed at the Wal-Mart store located on 1125 Shreveport-Barksdale Highway in Shreveport, Louisiana.

---

[1] Plaintiff may have attempted to sue Adams Manufacturing Corporation, a Pennsylvania corporation, as they manufactured the chair, and may have attempted to serve them in Louisiana, but as noted, such company does not exist in Louisiana, is not licensed to do business in Louisiana, and does not have an agent in Louisiana to accept service of process.  This entity would have to be served by long-arm service in Pennsylvania, pursuant to La. C.C.P. art. 1261.

10.

In his petition, plaintiff does not describe what specific injuries he sustained in the accident or what medical treatments he received.

11.

In addition, plaintiff alleges that he suffered "past, present and future 1) medical expenses, 2) physical pain and suffering, 3) fear, fright, and mental anguish and distress, and, 4) loss of enjoyment of life."

12.

Defendants aver, however, that such allegations are typical in personal injury cases and do not indicate the severity of plaintiff's true injuries. Moreover, plaintiff did not allege any specific injuries, nor did he allege the amount of any medical bills incurred or needed for any medical treatments.

13.

Consistent with Louisiana law, plaintiff does not allege any specific monetary amount for the value of the claims made in his Petition. Nothing on the face of plaintiff's petition in state court suggested the value of his claims exceeded $75,000.

14.

On October 10, 2022, defendants received discovery responses and some medical bills and records from plaintiff concerning medical costs incurred for his treatment. Defendants have since received additional medical records and bills, including a detailed description of a lower back injury and treatment related to the accident and that injury. The bills now show that the medical treatments and other costs plaintiff has incurred are more than $74,000, with some additional bills having been incurred, but not yet received.

15.

The amount in controversy in this suit now exceeds $75,000.00, since plaintiff has already incurred more than $74,000 in medical expenses for the medical treatments, plus additional medical expenses that will be incurred in the future.

16.

During the time that this matter was pending in the First Judicial District Court, defendant had no basis to believe that the value of plaintiff's claim met the jurisdictional threshold of this Court.

17.

The receipt of the medical records and bills on October 10, 2022, and received since then, was defendants' first notice that this case became removable, and defendants file this Notice of Removal within 30 days of the receipt of these bills and records.

18.

Pursuant to 28 USC § 1446(b), this Notice of Removal is timely because plaintiff's medical bills and records, constitute an "other paper from which it was first ascertained that the case is one which is or has become removable," and the Notice of Removal is filed within one year after the commencement of this action.

19.

This Court has jurisdiction of this cause of action under 28 USC § 1332.

20.

The proper court for removal is the United States District Court for the Western District of Louisiana, Shreveport Division.

21.

Defendants file as Exhibit B herewith copies of the entire record in the district court, which consists of the following:

(1)   Petition;

(2)   Citation to Defendants;

(3)   Service of Process Transmittal;

(4)   Answer to Petition for Damages and Jury Demand; and,

(5)   Request for Notice of Trial and Judgment.

22.

Defendants further shows unto the Court that immediately upon the filing of this Notice of Removal, a copy of same shall be served upon all adverse parties and a copy filed with the Clerk of the First Judicial District Court, Caddo Parish, Louisiana, all in accordance with 28 USC § 1446(d).

23.

Defendants are entitled to and request a trial by jury in this matter.

Shreveport, Louisiana, this 3rd day of November, 2022.

                        BLANCHARD, WALKER, O'QUIN & ROBERTS
                            (A Professional Law Corporation)

                    By:    /s/ Scott R. Wolf
                          Scott R. Wolf, Bar #28277

                    700 Regions Tower
                    Post Office Drawer 1126
                    Shreveport, Louisiana 71163-1126
                    Telephone:  (318) 221-6858
                    Telecopier: (318) 227-2967
                    E-Mail: swolf@bwor.com

                    ATTORNEYS FOR DEFENDANTS,
                    WAL-MART LOUISIANA, LLC AND
                    WAL-MART, INC.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the above and foregoing Notice of Removal has this date been served upon the following by placing same in the United States Mail, postage paid:

    Honorable Mike Spence
    Caddo Parish Clerk of Court
    Caddo Parish Courthouse
    501 Texas Street, Room 103
    Shreveport, Louisiana 71101

    Mr. S.P. Davis, Sr.
    DAVIS LAW OFFICE, LLC
    4050 Linwood Avenue
    Shreveport, LA 71108

Shreveport, Louisiana, this 3rd day of November, 2022.

                                              /s/ Scott R. Wolf
                                                  OF COUNSEL