| | |
|---|---|
| **SANFORD DAVID SMITH** | **DOCKET NO:** Ⳑ 3Ⳑ,278-B |
| **VERSUS** | **1ˢᵀ JUDICIAL DISTRICT COURT** |
| **WAL-MART, INC., ADAMS MANUFACTURING AND THEIR UNKNOWN INSURERS** | **CADDO PARISH, LOUISIANA** |

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes and appears **SANFORD DAVID SMITH**, (hereinafter referred to as "Petitioner"), a person of full age of majority, domiciled in Shreveport, Caddo Parish, Louisiana, who with respect represents the following:

1.

*Made defendants herein are the following to wit*:

1) WAL-MART, INC., its employees and representatives, a foreign corporation license to and doing business in the State of Louisiana, whose Agent for Service of Process is CT CORPORATION SYSTEM, located at 3867 Plaza Tower Drive, Baton Rouge, LA 70816;

2) WAL-MART, INC. UNKNOWN INSURER;

3) ADAMS MANUFACTURING, its employees and representatives, a foreign corporation license to and doing business in the State of Louisiana, whose address is 109 West Park Road Portersville, PA 16051-2209, whose President is Robert C. Morgan; whose Agent for Service of Process is CT CORPORATION SYSTEM, located at 3867 Plaza Tower Drive, Baton Rouge, LA 70816; and

4) ADAMS MANUFACTURING UNKNOWN INSURER.

2.

Petitioner, SANFORD DAVID SMITH, avers that on April 3, 2021, he visited the defendants' facility, number 3868, located at 1125 Shreveport-Barksdale Highway, in Shreveport, Caddo Parish, Louisiana, to obtain his COVID vaccination at the Pharmacy. Petitioner further avers that he was instructed to sit in a chair at defendants' facility.

3.

Petitioner avers that upon sitting in the defendant's chair, the chair collapsed and broke; causing him to fall to the floor, injuring his body and causing personal injuries for which he was and continues to be treated for.

4.

Petitioner further avers that upon information and belief that the chair he was instructed to sit in that collapsed and broke, causing the fall and his injuries, was co-owned by both defendants.

5.

Petitioner avers that both defendants were grossly negligent and liable for causing his fall and injuries by maintaining a defective and dangerous chair that they knew or should have known that it was dangerous and defective, which would collapse and break causing his fall and injuries to him and the using public.

6.

Petitioner avers that defendants owned and controlled the dangerous and defective chair that he was instructed to sit in. That defendants were solely responsible for the care, custody, control, and maintenance of the chairs located in its store.

7.

Petitioner avers he did nothing to cause or contribute to his fall and injuries on April 3, 2021. Further responding that his fall and injuries were due to the sole fault and gross negligence of defendants for maintaining a dangerous and defective chair.

8.

Petitioner further avers that defendants, WAL-MART, INC. and ADAM MANUFACTURING, was either self-insured and/or had in force and effect a liability insurance policy, by an *unknown insurer*, that insured them against the type of damages sued upon and therefore has a direct cause of action against the *unknown insurers*.

9.

Petitioner avers that defendants, their employees and their *unknown insurers* are strictly and grossly negligently liable for all injuries and damages sustained.

10

Petitioner further avers that defendants, WAL-MART, INC. and ADAM MANUFACTURING, and their employees, were grossly negligent in the following non-exclusive manners, to wit:

    a)  Maintaining a dangerous and defective chairs for customers to sit in;

    b)  Failing to timely and appropriately inspect their chairs;

c) Failure to have inspected the dangerous and defective chair and preventing Petitioner from sitting in it;

d) Failure to remove the dangerous and defective chair from the public sitting area;

e) Failure to repair the dangerous and defective chair before Petitioner was instructed to sit in it; and

f) Failure to replace the dangerous and defective chair, preventing Petitioner from sitting in it.

11.

Petitioner avers that he has suffered and sustained the following general and special damages, which he is entitled to receive an amount calculated to adequately compensate him for the injuries and damages he sustained:

a) Past, present, and future physical pain and suffering;

b) Past, present, and future medical expenses;

c) Past, present, and future fear, fright, and mental anguish and distress; and

d) Loss of enjoyment of life.

12.

Petitioner avers that it will be necessary to use medical witnesses and/or experts at the trial of his case, and their fees together, with any expense for taking of their depositions, should be fixed and taxed as court costs.

13.

Petitioner avers that an amicable demand has been made without avail.


**WHEREFORE, PETITIONER PRAYS** that after due proceeding there be judgment herein in favor of Petitioner, **SANFORD DAVID SMITH** and against defendants, **WAL-MART, INC., ADAMS MANUFACTURING, and THEIR UNKNOWN INSURERS,** for all general and special damages sued for with legal interest thereon from date of judicial demand and for all costs of the suit, including expert witness fees and the cost for taking their depositions.

**PETITIONER FURTHER PRAYS** that all medical and expert witness fees be taxed as court costs.

**PETITIONER FURTHER PRAYS** for all other general and equitable relief.

**RESPECTFULLY SUBMITTED,**

**DAVIS LAW OFFICE, LLC**
*A Professional Law Office*
4050 Linwood Avenue
Shreveport, LA 71108
Telephone: (318) 621-9400
Facsimile: (318) 636-7759
Email: SP*DavisSr@Comcast.net*
and *Adm.Assist@SPDavisLaw.com*

By: _____

S.P. Davis, Sr., LBR #4741
Kharmen Davis-Taylor, LBR #33085
Attorneys for **SANFORD DAVID SMITH**

**PLEASE SERVE:**

1) **WAL-MART INC.**
   *thru its Agent for Service of Process*
   CT CORPORATION SYSTEM
   3867 Plaza Tower Drive
   Baton Rouge, LA 70816

2) **UNKNOWN INSURER**

3) **ADAMS MANUFACTURING**
   *thru its Agent for Service of Process*
   CT CORPORATION SYSTEM
   3867 Plaza Tower Drive
   Baton Rouge, LA 70816

4) **UNKNOWN INSURER**

SANFORD DAVID SMITH

VERSUS

WAL-MART, INC., ADAMS
MANUFACTURING AND THEIR
UNKNOWN INSURERS

DOCKET NO:_____

1ST JUDICIAL DISTRICT COURT

CADDO PARISH, LOUISIANA

## CERTIFICATE

I certify I have reviewed with my client the matter contained herein, that inquiry had been made by me or at my direction and to the best of my knowledge, information and belief the information presented to the court is true and correct.

S.P. Davis, Sr.

**DAVIS LAW OFFICE, LLC.**
*A Professional Law Corporation*
4050 Linwood Avenue
Shreveport, Louisiana 71108
Telephone: (318) 621-9400
Facsimile: (318) 636-7759
Email: *SPDavisSr@Comcast.net* and
*Adm.Assist@SPDavisLaw.com*

| | |
|---|---|
| **SANFORD DAVID SMITH** | **DOCKET NO:**_____ |
| **VERSUS** | **1ST JUDICIAL DISTRICT COURT** |
| **WAL-MART, INC., ADAMS**<br>**MANUFACTURING AND THEIR**<br>**UNKNOWN INSURERS** | **CADDO PARISH, LOUISIANA** |

## VERIFICATION

**BEFORE ME,** the undersigned authority came and appeared, **SANFORD DAVID**

**SMITH,** to me personally known and after being duly sworn and stated:

1) That SANFORD DAVID SMITH is the petitioner in the above lawsuit;

2) That he has read the averments thereof and to the best of his knowledge and belief that they are all correct.

_____
SANFORD DAVID SMITH

**THUS DONE AND SIGNED** in my office in Shreveport, Caddo Parish, Louisiana, this

___/___ day of April 2022.

_____
NOTARY PUBLIC

breanet                                                                              CPCC.CV.3304441

# Citation with Discovery

SANFORD DAVID SMITH                              NO. 636278- B
VS                                               STATE OF LOUISIANA
WALMART INC ETAL                                 PARISH OF CADDO
                                                 FIRST JUDICIAL DISTRICT COURT

THE STATE OF LOUISIANA, TO:     WALMART INC
                                THRU CT CORPORATION SYSTEM, AGENT
                                3867 PLAZA TOWER DRIVE
                                BATON ROUGE, LA 70816


YOU HAVE BEEN SUED.
Attached to this Citation is a certified copy of the Petition.* The petition tells you what you are being sued
for.

You must EITHER do what the petition asks, OR, within THIRTY (30) days after you have received these
documents, you must file an answer or other legal pleadings in the Office of the Clerk of this Court at the
Caddo Parish Court House, 501 Texas Street, Room 103, Shreveport, Louisiana.

If you do not do what the petition asks, or if you do not file an answer or legal pleading within THIRTY
(30) days, a judgment may be entered against you. Please be aware of Act 174 of the 2021 regular session
of the Louisiana Legislature which changed delays for answering. The full text of this bill can be found at
https://legis.la.gov/legis/BillInfo.aspx?i=239989.

This Citation was issued by the Clerk of Court for Caddo Parish, on this date April 5, 2022.


        *Also attached are the following:            **MIKE SPENCE, CLERK OF COURT**

        REQUEST FOR ADMISSIONS OF FACTS

__XX__  INTERROGATORIES

__XX__  REQUEST FOR PRODUCTION OF DOCUMENTS     By: _____
                                                         Deputy Clerk


                                                _____S P DAVIS_____
                                                              Attorney


                                                A TRUE COPY - - ATTEST


                                                _____
                                                         Deputy Clerk


These documents mean you have been sued. Legal assistance is advisable, and you should contact a lawyer
immediately. If you cannot find a lawyer, please go to www.shreveportbar.com and click on the Lawyer
Referral Service link, or go to the Shreveport Bar Center on the third Monday of each month from 5:30 -
7:30 for a free seminar. If eligible, you may be entitled to legal assistance at no cost to you through
Shreveport Bar Legal Aid. Please call 318-222-7186 for more information.

If you are a person with a disability, please contact the Clerk of Court's office for information regarding
accommodation and assistance.


**SERVICE COPY**

 CT Corporation

**Service of Process Transmittal**
04/14/2022
CT Log Number 541403629

**TO:** KIM LUNDY- EMAIL
Walmart Inc.
GLOBAL GOVERNANCE/CENTRAL INTAKE, 2914 SE I STREET MS#0200
BENTONVILLE, AR 72712-3148

**RE:** **Process Served in Louisiana**

**FOR:** WALMART INC.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: SMITH SANFORD DAVID // To: WALMART INC. <br> *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Citation, Petition, Certificate(s), Attachment(s), Request(s), Order(s), Interrogatories and Request(s) |
| **COURT/AGENCY:** | 1st Judicial District Court - Parish of Caddo, LA <br> Case # 636278B |
| **NATURE OF ACTION:** | Personal Injury - Slip/Trip and Fall - 04/03/2021, Facility No. 3868 located at 1125 Shreveport-Barksdale Highway, Shreveport, LA |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Baton Rouge, LA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 04/14/2022 at 08:40 |
| **JURISDICTION SERVED :** | Louisiana |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after receipt (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | S.P. Davis, Sr. <br> Davis Law Office, LLC <br> 4050 Linwood Avenue <br> Shreveport, LA 71108 <br> 318-621-9400 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/14/2022, Expected Purge Date: 04/24/2022 <br><br> Image SOP |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System <br> 3867 Plaza Tower Dr. <br> Baton Rouge, LA 70816 <br> 877-564-7529 <br> MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



SANFORD DAVID SMITH         NUMBER: 636,278-B

VERSUS                       1ST JUDICIAL DISTRICT COURT

WAL-MART, INC., ET AL.      CADDO PARISH, LOUISIANA

## ANSWER TO PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, come defendants, WAL-MART, INC. and WAL-MART LOUISIANA, LLC ("defendants"), who in response to the allegations of the Petition for Damages filed by plaintiff, SANFORD DAVID SMITH ("plaintiff"), deny each and every allegation contained therein, except as specifically admitted hereinafter.  And now, responding to the separately numbered allegations of plaintiff's petition for damages, defendants respond as follows:

## ANSWER TO PETITION FOR DAMAGES

1.

Defendants admit that Wal-Mart, Inc. is named as a defendant.  In further answering, defendants aver that the entity which owns and operates the store where the incident allegedly occurred is Wal-Mart Louisiana, LLC.  Defendants deny the remaining allegations for lack of knowledge or information sufficient to form a belief as to their truth.

2.

Defendants deny the allegations of paragraph 2.

3.

Defendants deny the allegations of paragraph 3.

4.

Defendants deny the allegations of paragraph 4.

5.

Defendants deny the allegations of paragraph 5.

6.

Defendants deny the allegations of paragraph 6.

1

7.

Defendants deny the allegations of paragraph 7.

8.

Defendants deny the allegations of paragraph 8.

9.

Defendants deny the allegations of paragraph 9.

10.

Defendants deny the allegations of paragraph 10 and each of its subparts.

11.

Defendants deny the allegations of paragraph 11 and each of its subparts.

12.

Defendants deny the allegations of paragraph 12.

13.

Defendants deny the allegations of paragraph 13.

IN FURTHER ANSWERING, defendants affirmatively plead as follows:

14.

Defendants affirmatively plead the fault of plaintiff as the sole cause of the damages complained of by him.  Plaintiff failed to keep a proper lookout and to observe his surroundings, and to exercise reasonable care for the safety and protection of his own person.

15.

In the alternative, defendants affirmatively plead the comparative fault of plaintiff or third persons.  To the extent any fault is allocated to plaintiff or third persons, any damages awarded against defendants, the right to which is denied, should be reduced in proportion to the fault of plaintiff or third persons.

2

16.

Defendants affirmatively plead the fault of third persons for whom defendants are not responsible and whose fault may have caused or contributed to the damages plaintiff claims to have suffered.

17.

Defendants affirmatively plead plaintiff's failure to mitigate his damages.

18.

Defendants allege, without admitting any liability whatsoever, that any acts or omissions of defendants were superseded by the acts or omissions of others, including those of plaintiff or third persons, all of which were independent, intervening and superseding causes of all alleged injury, damage or loss.

19.

Subject to further investigation and discovery, plaintiff's claims may have prescribed under applicable statutes of limitation.

20.

Defendants show that if any of the medical expenses claimed by plaintiff in this case have been paid pursuant to Medicare and/or Medicaid, then pursuant to 42 U.S.C. § 1395(v)(b)(B)(ii)(b)(a) and La. R.S. 46:153(E), plaintiff have no cause of action for recovery of any such medicals paid by Medicare and/or Medicaid as the acceptance of payment by or on behalf of plaintiff constitutes a complete assignment of rights to said entities for recovery of those benefits.

21.

Defendants show that they are entitled to a credit for any medical expenses discounted or mark down by any provider pursuant to an agreement with plaintiff or plaintiff's counsel and with regard to any mark down or discount resulting from health

3

insurance payments or pursuant to a health insurance contract under the Balanced Billing Act, La. R.S. 22:1874.

22.

Defendants are entitled to a reduction in the amount for which they may be held liable in judgment in accordance with the degree or percentage of fault and/or negligence attributable to plaintiff, or to any and all other persons and legal entities, including those which may be or are released by settlement, bankruptcy, or otherwise, all in accordance with the laws of indemnity, comparative negligence, subrogation, and/or contribution.

23.

Defendants show that they are entitled to a credit for any medical expenses discounted or marked down by any healthcare provider who paid such expenses on behalf of or to plaintiff pursuant to the Louisiana Workers' Compensation Act.

24.

Defendants show that if any of the medical expenses claimed by plaintiff in this case have been paid pursuant to a health insurance issuer or Medicare, then pursuant to La. R.S. 9:2800.27 (part of the Civil Justice Reform Act of 2020), plaintiff's recovery of medical expenses is limited to the amount actually paid to the contracted medical provider by the health insurance issuer or Medicare, and any applicable cost sharing amounts paid or owed by the claimant, and not the amount billed.

25.

Defendants reserve the right to assert additional affirmative defenses based upon further investigation and discovery.

26.

Defendants are entitled to and pray for a trial by jury as to all issues triable by a jury.

WHEREFORE, defendants, WAL-MART, INC. and WAL-MART LOUISIANA, LLC, respectfully pray the above and foregoing answer be deemed good and sufficient;

4

and that following due proceedings had, there be judgment herein in favor of defendants

and against plaintiff, rejecting and dismissing the claims and demands of the plaintiff at

plaintiff's cost.

DEFENDANTS FURTHER PRAY for all general and equitable relief.

DEFENDANTS FURTHER PRAY for a jury trial as to all issues triable by a jury.

> BLANCHARD, WALKER, O'QUIN & ROBERTS
> (A Professional Law Corporation)
>
> By:_____
>
> Scott R. Wolf, La. Bar #28277
>
> 700 Regions Bank Tower
> Post Office Drawer 1126
> Shreveport, Louisiana 71163-1126
> Telephone: (318) 221-6858
> Telecopier: (318) 227-2967
>
> ATTORNEYS FOR DEFENDANTS,
> WAL-MART, INC. and
> WAL-MART LOUISIANA, LLC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing Answer to Petition

for Damages has this date been served upon the following parties by placing same in the

United States Mail, postage paid.

> Mr. S.P. Davis, Sr.
> DAVIS LAW OFFICE, LLC
> 4050 Linwood Avenue
> Shreveport, LA 71108
> *Attorneys for Plaintiff*

Shreveport, Louisiana, this _22__ day of April, 2022.

> _____
>
> OF COUNSEL

5



$___ FILED

APR 22 2022

COLVIN ROBERSON
DEPUTY CLERK OF COURT
CADDO PARISH

SANFORD DAVID SMITH            NUMBER: 636,278-B

VERSUS                        1ST JUDICIAL DISTRICT COURT

WAL-MART, INC., ET AL.        CADDO PARISH, LOUISIANA

## REQUEST FOR NOTICE OF TRIAL AND JUDGMENT

NOW INTO COURT, through undersigned counsel, come the defendants, WAL-

MART, INC. and WAL-MART LOUISIANA, LLC ("defendants"), who request that they

be given at least ten (10) days' written notice in advance in accordance with Article 1571

and 1572 of the Louisiana Code of Civil Procedure, of the date that this case is to be fixed

for hearing or trial, and pursuant to Articles 1913 and 1914 of the Louisiana Code of Civil

Procedure, of all final and interlocutory judgments.

> BLANCHARD, WALKER, O'QUIN & ROBERTS
> (A Professional Law Corporation)
>
>
> By:_____
>         Scott R. Wolf, La. Bar #28277
>
> 700 Regions Bank Tower
> Post Office Drawer 1126
> Shreveport, Louisiana 71163-1126
> Telephone:  (318) 221-6858
> Telecopier: (318) 227-2967
>
> ATTORNEYS FOR DEFENDANTS,
> WAL-MART, INC. and
> WAL-MART LOUISIANA, LLC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing Request for Notice of

Trial and Judgment has this date been served upon the following parties by placing same

in the United States Mail, postage paid.

> Mr. S.P. Davis, Sr.
> DAVIS LAW OFFICE, LLC
> 4050 Linwood Avenue
> Shreveport, LA 71108
> *Attorneys for Plaintiff*

Shreveport, Louisiana, this 2nd day of April, 2022.

_____
OF COUNSEL